IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------------X
:
BAYER CROPSCIENCE AG, :
:
        Plaintiff, :
:    C.A. No._____
:
   v. :    TRIAL BY JURY
:    DEMANDED
:
DOW AGROSCIENCES LLC, :
:
        Defendant. :
:
----------------------------------------------------------------X

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction and venue are based on 28 U.S.C. §§ 1331, 1338(a), 1391(b), 1400(b), 2201, 2202, and 35 U.S.C. § 271.

2. This Court has original jurisdiction over Plaintiff Bayer CropScience AG's ("Bayer") federal patent claims.

3. There has been and is now an actual controversy between Defendant Dow AgroSciences LLC ("Dow Agro") and Bayer as to whether Dow Agro has actively infringed and/or induced and/or contributed and will continue to actively infringe and/or induce and/or contribute to the infringement of United States Patent No. 6,153,401 ("the '401 patent") (Exhibit "A" hereto).

1

## THE PARTIES

4. Bayer is a company, organized and existing under the laws of Germany, having its principal place of business at Alfred-Nobel-Str. 50, 40789 Monheim am Rhein, Germany. Bayer owns the '401 patent.

5. On information and belief, Dow Agro is a United States entity, organized and existing under the laws of Delaware, having its headquarters and principal place of business at 9330 Zionsville Road, Indianapolis, IN 46268.

6. On information and belief, Dow Agro regularly does or solicits business in Delaware, and has continuous and systematic contacts with Delaware.

7. On information and belief, Dow Agro has developed, manufactured, used, and announced its plans to sell and/or offer to sell transgenic corn, soybean, and cotton plants and/or seeds that include a recombinant gene comprising the biological activity of bringing about the cleavage of the side chain of the herbicide 2,4-D, and thus inactivating or degrading it by converting it to its corresponding phenol, in a manner that corresponds to the biological activity disclosed and claimed in the '401 patent, and which infringes the '401 patent as described below.

## CLAIM FOR RELIEF: THE '401 PATENT

8. Plaintiff Bayer repeats and realleges paragraphs 1-7, above, as if set forth specifically here.

9. The '401 patent, entitled "Microorganisms and Plamids for 2,-4-Dichlorophenocyacetic Acid (2,4-D) Monooxygenase Formation and Process for the Production

2

of These Plasmids and Strains," issued on November 28, 2000 in the names of the inventors Wolfgang R. Streber, Kenneth N. Timmis, and Meinhart H. Zenk.

10. The '401 patent on its face lists Hoechst Schering AgrEvo GnbH, a predecessor-in-interest of Bayer, as the assignee. The '401 patent has since been assigned, and currently is assigned, to Bayer.

11. Plaintiff Bayer is the exclusive holder of all right and title in and to the '401 patent in the United States.

12. On information and belief, Dow Agro has infringed the '401 patent under 35 U.S.C. § 271(a) and/or (b) and and/or (c) at least by engaging in the manufacture, use, sale and/or offer for sale for commercial purposes, or has made meaningful preparations to do so, of its transgenic plants and/or seeds that include a recombinant gene comprising the biological activity of bringing about the cleavage of the side chain of 2,4-D, and thus inactivating or degrading it by converting it to its corresponding phenol, in a manner that corresponds to the biological activity disclosed and claimed in the '401 patent, rendering the plants and/or seeds resistant to the herbicide, 2,4-D ("2,4-D resistant transgenic plants and/or seeds"), and which, accordingly, infringes the '401 patent. Said 2,4-D resistant transgenic plants and/or seeds have no commercial use except in connection with their use in agriculture to provide farmers with seeds and corresponding crop plants that are resistant to 2,4-D by virtue of containing such a recombinant gene, having the activity summarized above and as disclosed and claimed in the '401 patent.

3

13. On information and belief, Dow Agro has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute 2,4-D resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties.

14. On information and belief, Dow Agro has developed, manufactured, and used, and has made preparations to sell and/or offer for sale and/or distribute 2,4-D resistant transgenic plants and/or seeds by itself and/or through affiliates or third parties, which results in the direct infringement of the '401 patent. On information and belief, these acts of direct infringement occur at Dow Agro's active behest and with Dow Agro's intent, knowledge, and encouragement. On information and belief, Dow Agro actively encourages, aids, and abets these acts of direct infringement with knowledge that it is in contravention of Bayer's rights under the '401 patent.

15. On information and belief, the manufacture, use and sale and offer for sale of Dow Agro's 2,4-D resistant transgenic plants and/or seeds and the recombinant gene providing this resistance directly infringes, induces and contributes to the infringement of, and, absent the relief sought herein, will continue to infringe, induce, and contribute to the infringement of the '401 patent.

WHEREFORE, Bayer respectfully requests the following relief:

(a) A judgment declaring that the '401 patent is infringed by Dow Agro's continued manufacture, use, offer to sell and sale of 2,4-D resistant transgenic plants in the United States, and Dow's preparations for same, prior to the expiration of such patent;

4

RLF1 3634009v. 1

      (b)    A permanent injunction against any infringement by Dow Agro of the '401 patent;

      (c)    A judgment that Dow Agro's conduct is willful;

      (d)    A judgment that Dow Agro's conduct is exceptional;

      (e)    Attorneys' fees in this action under 35 U.S.C. § 285;

      (f)    Damages adequate to compensate for the infringement and enhanced damages under 35 U.S.C. § 284;

      (g)    Costs and expenses in this action; and

      (h)    Such other relief as this Court may deem proper.

A trial by jury is demanded.

| OF COUNSEL: | /s/ Anne Shea Gaza<br>Frederick L. Cottrell, III (#2555)<br>Jeffrey L. Moyer (#3309) |
|---|---|
| Robert J. Koch<br>Arie M. Michelsohn<br>MILBANK, TWEED, HADLEY<br>  & McCLOY, LLP<br>1850 K Street NW, Suite 1100<br>Washington, DC 20006<br>Tel.: (202) 835-7500<br>Fax: (202) 263-7586<br>Email: rkoch@milbank.com<br>Email: amichelsohn@milbank.com | Anne Shea Gaza (#4093)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>moyer@rlf.com<br>gaza@rlf.com<br><br>*Attorneys for Plaintiff*<br>*Bayer CropScience AG* |

DATED: December 3, 2010