NOT FOR PUBLICATION [Docket Nos. 18, 21]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BAYER CROPSCIENCE AG,

Plaintiff,

v.

DOW AGROSCIENCES LLC,

Defendant.

Civil No. 10-1045 RMB/JS

OPINION

Frederick L. Cottrell, III
Jeffrey L. Moyer
Anne Shea Gaza
Stephen M. Ferguson
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Robert J. Koch
Jay I. Alexander
Arie M. Michelsohn
Stephanie R. Amoroso
Edwards J. Mayle
Milbank, Tweed, Hadley & McCoy LLP
1850 K Street NW, Suite 1100
Washington, D.C. 20006

Attorneys for Plaintiff Bayer CropScience AG

Steven J. Balick
Lauren E. Maguire
Andrew C. Mayo
Ashby & Geddes, P.A.
500 Delaware Avenue, 8th Floor
P.O. Box 1150

Wilmington, Delaware 19899

Peter A. Bicks
Alex V. Chachkes
Joseph A. Sherinsky
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, New York 10019

Elizabeth a Howard
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025

Hardip B. Passananti
Orrick, Herrington & Sutcliffe LLP
4 Park Plaza, Suite 1600
Irvine, California 92614

Attorneys for Defendant Dow AgroSciences LLC

BUMB, United States District Judge
(sitting by designation):

Plaintiff Bayer CropScience AG claims that Defendant Dow AgroSciences LLC has infringed its patent, patent number 6,153,401 (the “401 patent”). Defendant has raised various affirmative defenses and counterclaims. Plaintiff has moved to strike Defendant’s fifth and seventh affirmative defenses, as well as its third counterclaim. For the reasons that follow, Plaintiff’s motion is GRANTED, in part, and DENIED, in part. It is GRANTED with respect to Defendant’s fifth affirmative defense. It is DENIED with respect to Defendant’s seventh affirmative defense. It is DENIED, in part, and GRANTED, in part, with respect to Defendant’s third counterclaim.

## I. Standard

Motions to strike an affirmative defense are generally disfavored and, historically, were only granted in limited circumstances. Federal Trade Commission v. Hope Now Modifications, LLC, No. 09-1204, 2011 WL 883202, at *1 (D.N.J. March 10, 2011); Vurimindi v. Fuqua School of Business, No. 10-234, 2011 WL 3803668, at *2 (E.D.Pa. Aug. 29, 2011). Those circumstances included insufficiency: when the moving party could demonstrate both that the defense was insufficient as a matter of law or fact and that maintenance of the defense would prejudice the movant. Federal Trade, 2011 WL 883202, at *1-2, 4; Vurimindi, 2011 WL 3803668, at *2. They also included any defense subject to Federal Rules of Civil Procedure Rule 9(b)'s requirement of heightened pleading for claims sounding in fraud. Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 901 n.7 (E.D.Pa. 2011)(noting that affirmative defenses sounding in fraud must be plead with particularity pursuant to Rule 9(b)).

Following Twombly/Iqbal, however, courts have disagreed as to whether affirmative defenses are subject to Twombly/Iqbal's pleading requirements. Vurimindi, 2011 WL 3803668, at *2. While the Third Circuit has not yet opined as to whether Twombly/Iqbal is applicable to affirmative defenses, this Court agrees with those courts that have found Twombly/Iqbal inapplicable to affirmative defenses. Those courts, and this Court, base that decision on:

(1) textual differences between Rule 8(a), which requires that a plaintiff asserting a claim show entitlement to relief, and Rule 8(c), which requires only that the defendant state any defenses;

(2) a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery;

(3) the absence of a concern that the defense is "unlocking the doors of discovery";

(4) the limited discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses;

(5) the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint while plaintiff has until the expiration of the statute of limitations;

(6) the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted.

(7) the risk that a defendant will waive a defense at trial by failing to plead it at the early stage of the litigation;

(8) the lack of detail in Form 30, which demonstrates the appropriate pleading of an affirmative defense; and

(9) the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

Federal Trade Commission, 2011 WL 883202, at *3; Tyco, 777 F. Supp. 2d at 898-900; Bennet v. Sprint Nextel Corp., No. 09-2122-EFM, 2011 WL 4553055, at *1-2 (D.Kan. Sept. 29, 2011). Therefore, the Court will review Defendant's affirmative defenses only for sufficiency and for compliance with Rule 9(b).

Counterclaims, in contrast, are ordinarily subject to the demands of Twombly/Iqbal. Tyco, 777 F. Supp. 2d at 898. In the patent infringement context, however, some courts have, whether expressly or implicitly, declined to apply the rigors of Twombly/Iqbal to defendants asserting invalidity counterclaims. These courts reasoned that requiring greater specificity at the pleading stage would: (1) short-circuit the ordinary disclosure process under the courts' local rules; and (2) be inequitable to defendants given that it would impose on them a higher pleading burden than the minimal pleading burdens of patent plaintiffs. Elan Pharma Int'l Ltd. v. Lupin Ltd., No. 09-1008, 2010 WL 1372316, at *5 (D.N.J. Mar. 31, 2010)(finding that there was no basis to require more specific pleading of the defendant's invalidity counterclaims than in the plaintiff's own complaint and that holding otherwise would render Local Patent Rules 3.1 and 3.3 superfluous); Teirstein v. AGA Medical Corp., No. 6:08cv14, 2009 WL 704138, at *5 (E.D.Tex. Mar. 16, 2009)(denying motion to dismiss similarly sparse invalidity counterclaims); Microsoft Corp. V. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156, 1159 (C.D.Cal. 2010)(noting that a patentee alleging direct infringement must only comply with Form 18, which allows for notice pleading, and that "it would be incongruous to require heightened pleading" from the defendant on an invalidity counterclaim, particularly given the court's requirement that

invalidity contentions be served promptly after a counterclaim of invalidity is advanced); Pfizer, Inc. V. Apotex, Inc., 726 F. Supp. 2d 921, 937-38 (N.D.Ill. 2010)(citing to Elan Pharma and the local patent rules in reaching the same conclusion); but see Tyco, 777 F. Supp. 2d at 905 (imposing Twombly/Iqbal on counterclaims in the patent context but recognizing that the requirement would impose on defendants the burden of responding to conclusory complaints with non-conclusory factual allegations and that that court did not have local patent rules militating against this result as courts holding otherwise did, though noting that that would not change its conclusion).

An unenforceability counterclaim, not an invalidity counterclaim, is at issue here. However, unenforceability defenses are similarly subject to disclosure requirements under a schedule established by the District of New Jersey's Local Patent Rules. See District of New Jersey Local Patent Rules 3.1 and 3.2A (requiring that patent plaintiffs set forth their claims and infringement contentions within 14 days of the initial scheduling conference and that defendants set forth responses to each of those claims and contentions and "any document or thing that it intends to rely on in defense against any such Infringement Contentions" within 45 days of plaintiffs' disclosure). And the concern of imposing incongruous pleading burdens is no less present here. Accordingly, the same logic

that led other courts to conclude that invalidity counterclaims were not subject to heightened pleading under Twombly/Iqbal leads this Court to the same conclusion with respect to patent unenforceability counterclaims.

III. Analysis

Plaintiff has moved to strike Defendant's fifth and seventh affirmative defenses, equitable estoppel and patent misuse, as well as Defendant's third counterclaim for a declaratory judgment of invalidity based on prosecution history estoppel, patent misuse, and equitable estoppel.

A. Defendant's Fifth Affirmative Defense

Plaintiff's motion to strike Defendant's fifth affirmative defense – equitable estoppel - is granted. Plaintiff makes two arguments in support of dismissal. Plaintiff first argues that Defendant's claim was subject to Rule 9(b) and that Defendant failed to plead its claim with the particularity required by the Rule. This Court agrees. Because equitable estoppel has misleading conduct by the patent holder as one of its elements, Defendant was required to plead this affirmative defense with particularity under Rule 9(b). Aspex Eeyewear Inc. v. Clariti Eyewear, Inc., 605 F.3d 1305, 1310 (Fed. Cir. 2010)(listing "misleading conduct" by the patentee that led the infringer to reasonably believe that the patentee did not intend to enforce its patent against the infringer as an element of equitable

estoppel); Hemy v. Perdue Farms, Inc., No. 11-888, 2011 WL 6002463, at *17 n. 11 (D.N.J. Nov. 30, 2011)(finding that allegations of "misleading conduct" triggered Rule 9(b)); Bild v. Konig, No. 09-CV-5576, 2011 WL 666259, at *6 (E.D.N.Y. Feb. 14, 2011)(finding Rule 9(b) generally applicable to claims of equitable estoppel). It failed to do so. The Court will therefore dismiss this affirmative defense without prejudice.

Plaintiff also argues that Defendant cannot claim equitable estoppel based on statements made by Plaintiff to the United States Patent and Trademark Office because equitable estoppel must be based on representations made to the party claiming estoppel by the party against whom estoppel is asserted. While the Court need not pass upon this issue, it notes that equitable estoppel is, as its name implies, an equitable defense that is flexible and not generally limited, as Plaintiff contends, to particular factual circumstances. A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1041 (Fed. Cir. 1992)("Like laches, equitable estoppel is not limited to a particular factual situation nor subject to resolution by simple or hard and fast rules.").

B. Defendant's Seventh Affirmative Defense

Plaintiff's motion to strike Defendant's seventh affirmative defense – patent misuse – is denied. Defendant alleges that Plaintiff unlawfully attempted to enforce the '401

patent, when it knew or should have known it is invalid, unenforceable, and/or not infringed. Plaintiff argues that the affirmative defense should be stricken for three reasons.

First, Plaintiff argues that the defense was subject to Rule 9(b)'s heightened pleading requirements. It is unclear from the pleadings whether the defense sounds in fraud and this Court is unaware of any cases that hold that patent misuse claims inherently sound in fraud. See Takeda Chem. Indus, Ltd. V. Alphapharm Pty., Ltd., No. 04 Civ. 1966, 2004 WL 1872707, at *1 (S.D.N.Y. Aug. 19, 2004)(declining to rule on whether patent misuse allegations were subject to Rule 9(b) where the parties disputed the issue). To the extent that Defendant intends to rely on a patent misuse defense that implicates fraud, it will need to re-plead the claim with particularity. Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc., No. C-95-3577, 1996 WL 467293, at *13 (N.D.Cal. July 24, 1996)(holding that defendant was required to plead patent misuse affirmative defense with particularity to the extent it was premised on inequitable conduct before the PTO). For now, however, the Court will decline to strike the claim on this basis.

Second, Plaintiff argues that the claim is insufficient as a matter of law because Plaintiff cannot be liable simply for enforcing the '401 patent. Defendant has, however, alleged more than that. Defendant has alleged that Bayer was enforcing a

patent it knew was invalid, unenforceable, and/or not infringed. That is all Defendant was required to allege legally to maintain the defense, at the pleading stage. In re Gabapentin Patent Litig., 649 F. Supp. 2d 340, 349 (D.N.J. 2009)( holding that a patent misuse claim, at the pleading stage, "requires only allegations of conduct that had the effect of impermissibly extending the limited protection from competition afforded by the . . . patent."). And even if this defense were insufficient as a matter of law, Plaintiff has not demonstrated that it would suffer any prejudice, from maintenance of this defense, as required for dismissal on this basis. Federal Trade, 2011 WL 883202, at *1-2.

Third, Plaintiff argues that Defendant's allegation of patent misuse is too conclusory under two separate theories: first, because Twombly/Iqbal applies; or, second, because an enhanced pleading standard applies to patent misuse claims. However, as discussed above, this Court does not apply Twombly/Iqbal to affirmative defenses. It therefore rejects Plaintiff's argument that greater factual substantiation is needed on this basis. The Court also rejects Plaintiff's argument that, aside from Twombly/Iqbal, there is an enhanced pleading requirement applicable to patent misuse claims. Plaintiff cites Advanced Cardiovascular Sys., Inc. v. Scimed Sys., Inc., No. C-96-0950-DLJ, 1996 WL 467277, at *3-4 (N.D.Cal.

July 24, 1996), and one case, by the same court, that relies on it, in support of this proposition. In both cases, the heightened pleading requirement was premised on the notion that more than conclusory allegations of patent misuse were needed to provide notice, "[g]iven the specific exceptions to patent misuse provided by Congress[.]" Advanced Cardiovascular, 1996 WL 467277, at *3-4. Because this is not an established basis to elevate the requirements of Rule 8, the Court will not impose heightened pleading requirements on Defendant on this basis. Defendant's affirmative defense provides fair notice under the liberal pleading standards of the Rule. This Court therefore denies Plaintiff's motion to strike Defendant's seventh affirmative defense.

C. Defendant's Third Counterclaim

Plaintiff's motion to strike Defendant's third counterclaim, for a declaratory judgment of unenforceability, is denied, in part, and granted, in part. That counterclaim is premised on the '401 patent being invalid due to equitable estoppel, patent misuse, and prosecution history estoppel.

To the extent the counterclaim is based on equitable estoppel, it is dismissed. Defendant's counterclaim for equitable estoppel, like its affirmative defense of equitable estoppel, fails to offer the particularity required by Rule 9(b) for claims sounding in fraud.

Plaintiff also has moved for dismissal of the patent misuse aspect of the counterclaim, based on Defendant's failure to offer more than conclusory allegations of patent misuse. Plaintiff's argument is premised on its contentions that: (1) patent misuse is subject to Rule 9(b); (2) patent misuse, even outside of Rule 9(b), has a heightened pleading requirement; and (3) that the counterclaim is subject to Twombly/Iqbal. With respect to Plaintiff's first two arguments, the Court declines to dismiss this aspect of Defendant's counterclaim for the same reasons discussed in the Court's consideration of Plaintiff's motion to strike the patent misuse affirmative defense. The Court also rejects Plaintiff's third argument based on its finding that such a requirement would unfairly impose a higher pleading requirement on patent defendants than on patent plaintiffs and would contravene the District's Local Patent Rules.

Finally, Plaintiff has moved for dismissal of the prosecution history estoppel aspect of Defendant's counterclaim of unenforceability. Plaintiff argues that the doctrine is a limitation on claim scope, not on enforceability, and therefore should be dismissed. This is form over substance. While Plaintiff is correct that the doctrine is a legal limitation on claim scope, in function it estops the patentee from enforcement of the patent against the alleged infringer. Mannesmann Demag

Corp. v. Engineered Metal Products Co., Inc., 793 F.2d 1279, 1284 (Fed.Cir. 1986)(holding that the doctrine of prosecution history estoppel is an equitable tool for determining the "scope of patent claims" that "prevents a patentee from enforcing its claims")(emphasis added); Astrazaneca UK Ltd. V. Dr. Reddy's Laboratories, Ltd., No. 08-3237, 2010 WL 4721384, at *5 (D.N.J. Nov. 15, 2010)(noting that the court looks to the doctrine of prosecution history estoppel "as a limit on the scope of patent available to a claimant under the [Doctrine of Equivalents]"); C.R. Bard, Inc. v. U.S. Surgical Corp., 107 F. Supp. 2d 489, 493 (D.Del. 2000)("Under prosecution history estoppel, the patentee is estopped from enforcing the patent against an equivalent [device] if the inventor surrendered, during prosecution of the patent application, claim scope which included the now-asserted element or its equivalent.")(quotation and citation omitted)(emphasis added). The Court therefore declines to dismiss this aspect of Defendant's counterclaim.

IV. Conclusion

For the foregoing reasons, Plaintiff's motion to strike Defendant's fifth affirmative defense is GRANTED without prejudice. Plaintiff's motion to strike Defendant's seventh affirmative defense is DENIED. Plaintiff's motion to dismiss Defendant's third counterclaim is GRANTED, in part, without prejudice, and DENIED, in part.

The Court notes that Defendant presently has pending a motion to amend its answer. If Defendant intends to amend its Answer in light of this Opinion, it should promptly notify the Court of its intention and withdraw the pending motion.

Dated: December 30, 2011

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge