[D.I. 276]

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER CROPSCIENCE AG, <br><br> Plaintiff, <br><br> v. <br><br> DOW AGROSCIENCES LLC, <br><br> Defendants. | Civil No. 10-1045 (RMB/JS) |

## **O R D E R**

This matter is before the Court on defendant Dow AgroSciences, LLC's ("Dow") "[T]hird Motion for Leave to Amend its [Infringement and Invalidity] Contentions" [D.I. 276]. The Court received plaintiff's opposition [D.I. 307] and Dow's reply [D.I. 327]. The Court exercises its discretion to decide Dow's motion without oral argument. Fed. R. Civ. P. 78. For the reasons to be discussed, Dow's motion is DENIED.

Since the parties are obviously familiar with the fact and procedural history of this litigation, only a short summary will be provided. Bayer filed this patent infringement lawsuit on December 3, 2010, alleging that Dow violated its '401 patent. Dow answered the complaint on May 6, 2011. The Court held the Fed. R. Civ. P. 16 Scheduling Conference on June 9, 2011, and its Scheduling Order was entered on June 21, 2011. The Order incorporates the patent rules adopted by the Federal District Court for the District of New Jersey.

The parties served their contentions according to the schedule in the Court's Order. Bayer served its asserted claims and infringement contentions by July 5, 2011. Dow served its non-infringement contentions and responses to infringement contentions by August 19, 2011. Bayer served its responses to Dow's invalidity contentions by September 2, 2011. On February 27, 2012 [D.I. 200], the Court granted Dow's "Motion for Leave to Supplement its Contentions."[1] Dow served its amended contentions on March 1, 2012. [D.I. 201]. After Dow's amendment, Bayer filed its own "Motion to Supplement its Contentions." [D.I. 205]. The motion was granted on April 27, 2012. [D.I. 272]. On the same day the Court denied Dow's "[S]econd Motion for Leave to Supplement its Contentions." [D.I. 273]. The basis for the denial is set forth in the Court's Oral Opinion. (See Transcript ("Tr.") of April 26, 2012 hearing, [D.I. 303], 11:15-14:8.) The gist of the Court's ruling was that Dow did not satisfy its burden to show good cause to grant its proposed amendment. To a significant degree Dow's present motion attempts to address the deficiencies that resulted in the April 27, 2012 denial Order.

In its February 27, 2012 Order [D.I. 200] granting Dow's first request to amend contentions, the Court set forth the applicable

---

[1] An Amended Order was entered on March 2, 2012 to address a clerical error. [D.I. 203]. It is immaterial whether Dow's motion is referred to as a request to amend or a request to supplement. As to this Order there is no distinction.

law regarding these requests. The discussion is incorporated herein by reference. The leading case is <u>O2 Micro Intern. Ltd. v. Monolithic Power Systems, Inc. ("O2 Micro")</u>, 467 F.3d 1355, 1364 (Fed. Cir. 2006)(Federal Circuit law applies to the validity and interpretation of local patent rules establishing a good cause standard to amend contentions). Pursuant to the decision, the key fact courts should look at to determine whether good cause exists to grant an amendment to a contention is the diligence of the moving party. Diligence has two aspects to it. One is whether the moving party acted diligently to discover that an amendment was appropriate. The second aspect is whether the moving party promptly moved to amend its contentions after it learned an amendment was necessary. <u>See</u> <u>generally</u> <u>id.</u> at 1365-1367. The burden is on Dow to show diligence, rather than on Bayer to establish Dow was not diligent. <u>Id.</u> at 1366. Dow has not satisfied its burden.

    Dow seeks leave of Court to make four amendments:

> 1. To amend the definition of "accused products" to match Bayer's new definition in its amended contentions served on April 28, 2012;
>
> 2. To incorporate by reference past briefing;
>
> 3. To respond to Bayer's new list of prior art "enablement documents" found in Bayer's amended contentions; and
>
> 4. To add two prior art references that were recently discovered.

Dow Brief at 2 [D.I. 276].  As to proposed amendments one and three, the essence of the argument set forth in Dow's opening brief was that it established "good cause" because it was responding to Bayer's amended contentions.  The argument is rejected.  As set forth in the Court's April 26, 2012 Oral Opinion, good cause is not established simply because a party desires to respond to an amended contention.  Otherwise, there would be a never ending series of amendments.[2]  Indeed, the Court expects that if the present motion is granted Bayer will seek to respond to Dow's amended contentions.  As set forth by the Court in its April 26, 2012 Oral Opinion, "[t]he Court does not believe that simply responding to a response is enough to establish good cause, and that's all that's set forth in Dow's papers."  D.I. 303 at 13:15-17.  It may be that after it was served with Bayer's amendment Dow responded quickly.  However, that is not enough.  Dow's motion did not demonstrate why its latest proposed amendment could not have been asserted earlier or why Bayer's amendment was not anticipated.  Dow simply stated in conclusory fashion, "DAS's proposed amendment could not have been proposed sooner."  Dow Brief at 3.  Dow's conclusory statement does not satisfy its burden of proof.  Accord O2 Micro, 467 F.3d at

---

[2]Bayer's colorful argument is not off the mark: "This [amendment] would create an unworkable, never-ending arms race of supplemental invalidity contentions by the defendant and patentee responses 'in kind'."  Answering Brief at 10 [D.I. 307].

1365.[3]

As to Dow's second proposed amendment, Dow seeks to incorporate its "past briefing." Dow also does not establish good cause for this amendment. The Patent Rules incorporated into the Court's Scheduling Order provides that contentions may only be amended by motion. The mere fact of filing a brief is insufficient to amend a contention. Dow's argument that it is seeking to do what Bayer previously did is insufficient. If Dow had an objection to what Bayer did it should have raised the issue with the court.[4]

---

[3] The Court also agrees with Bayer that Dow did not adequately "attempt[] to explain the timing or circumstances under which the[] [prior art] references were found or to demonstrate why these published papers could not have been found earlier upon the exercise of a diligent search." Answering Brief at 3.

[4] Dow's proposed amendment demonstrates the unworkability of amending contentions by incorporating summary judgment briefs. Dow's amendment reads:

> DAS incorporates by reference herein its answering and sur-reply briefs, appendices, declarations, and exhibits in opposition to Bayer's motion for partial summary judgment of infringement (D.I. 172-174, 191), its claim construction opening brief, appendices, declarations, and exhibits (D.I. 214-217, 222), and its brief, exhibits, and declaration in support of its motion for summary judgment of noninfringement (D.I. 218, 219). DAS also incorporates by reference herein its brief, exhibits, and declaration in support of its motion for partial summary judgment that claims 4 and 5 of the '401 Patent are invalid because they are indefinite (D.I. 220-222) and its brief, exhibits, and declaration in support of its motion for summary judgment of invalidity for failure to satisfy the written description requirement of 35 U.S.C. § 112, ¶1 (D.I. 241-244).

See Exhibit A to Reply at 1-2. This sort of omnibus amendment lacks the specificity and certainty the patent rules insist upon.

Dow's Reply discussed for the first time the specific reasons why it believes it has established good cause for its proposed amendments. Since these assertions were first raised in its Reply, they should not be considered by the Court. Schein Pharmaceutical, Inc. v. Mylan Pharmaceuticals, Inc., 129 F. Supp. 2d 705, 715 (D.N.J. 2001); Harbour Cove Marine Services, Inc. v. Rabinowitz, 2005 WL 1038957, at *4 (D.N.J. May 3, 2005). Dow's assertions should have been raised in its original motion to give plaintiff a fair opportunity to respond.

Even if the Court considered the substance of Dow's new arguments, the Court's ruling would not change. As to amendment one, Dow still has not adequately established why its amended contentions were not raised earlier. It is not enough for Dow to say it is responding to plaintiff's amended contentions. The Court will not countenance a never ending series of amendments. As to amendment two, Dow has also not met its burden to show good cause. Dow has not demonstrated why the contentions in its briefs were not included in its earlier filed contentions.

As to Dow's fourth proposed amendment to add "two prior art references that were both discovered recently," Dow's motion did not attempt to establish good cause for its failure to previously identify the references. As Bayer noted: "DAS makes no showing whatsoever that it has been diligently searching for prior art; provides no explanation as to how or why the two new pieces of prior art eluded that search; and does not even attempt to explain

6

the circumstances as to how this alleged new prior art came to light." Answering Brief at 10-11 (emphasis in original). In its Reply, Dow now argues the Perkins reference "is just an earlier publication of a prior art reference that is already in DAS's contentions." Reply at 3. Dow further argues it did not know of the Perkins 1985 reference until it interviewed one of the authors. Id. at 4. However, the Court cannot determine if Dow acted diligently since Dow did not explain why it did not conduct its interview earlier. Moreover, even at this late date Dow does not even have a copy of the proposed new reference. Id.[5] As to the "Fraley reference" and other proposed prior art publications, Dow argues it "did not know that Bayer would seek to rebut DAS's defenses with [the supplemental] sorts of articles." Id. at 5. This does not establish good cause. Otherwise, as noted, amended contentions would never cease. Dow's amendment is, therefore, denied.

In its February 27, 2012 Order the Court noted that, "[Patent] Rule 3.7 is not a straightjacket into which litigants are locked from the moment their contentions are served." Order at 5. The Court noted that there is a modest degree of "flexibility" with regard to amendments of contentions, at least at the outset of the

---

[5]The Court also does not accept Dow's broad argument that, "[n]o company commits the resources it commits during litigation to exploring and expounding its defenses in the way it does once litigation commences--especially on the particularly labor-intensive work of developing full invalidity defenses." Reply at 1. This argument begs the question of why Dow did not discover the references earlier.

7

case. Id. To a significant extent, Dow's first motion to amend was granted because the litigation was at a relatively early stage. However, that is no longer the case. Since Dow amended its contentions on March 1, 2012, all fact discovery relating to claim construction has been or should have been completed, Dow filed three summary judgment motions, Markman expert discovery has been completed, opening and responsive Markman briefs have been filed, Bayer responded to Dow's motions for summary judgment, and the Markman hearing has been scheduled for June 25, 2012. We are no longer at the "outset" of the case. For this reason, the Court does not agree with Dow that, "[t]he relevant landscape has not changed in a material way since the Court's March 2, 2012 Amended Order." Dow Brief at 4.

Dow argues all this is immaterial because its "amendments have no bearing on the material events in the case that have passed or that are imminent (e.g., a scheduled Markman hearing)." Reply at 1. The Court disagrees. In the absence of unusual and unexpected circumstances that do not exist here, at this stage of the litigation Bayer is entitled to know that Dow's contentions are complete. In view of the parties' efforts to date and the upcoming Markman hearing, Bayer will be prejudiced if it is now compelled to revise its prosecution and defense strategy to respond to Dow's "shifting sands" defense. This is the scenario the patent rules were designed to prevent. See Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1122-23 (N.D. Cal.

8

2006)("The Rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to these theories once they have been disclosed.").

According, for all the foregoing reasons,

IT IS HEREBY ORDERED this 7th day of June, 2012, that Dow's "Motion for Leave to Amend its Contentions" [D.I. 276] is DENIED.

                                           s/Joel Schneider
                                           JOEL SCHNEIDER
                                           United States Magistrate Judge